UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CIVIL ACTION |
| VERSUS | NO. 13-589 |
| AUDUBON CAPITAL SBIC, L.P. | SECTION "F" |

ORDER

In connection with the Court's August 21, 2013 Order and Reasons, in which the Court granted the United States' motion for a permanent injunction and the appointment of a receiver, the Court enters into the record the following order, detailing the powers of the SBA as the receiver.

New Orleans, Louisiana, August 26, 2013

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CIVIL ACTION |
| | * | |
| Plaintiff, | * | NO. 13-589 |
| | * | |
| VERSUS | * | SECTION "F" (2) |
| | * | |
| AUDUBON CAPITAL SBIC, L.P. | * | |
| | * | |
| Defendant. | * | |
| | * | |

*********************************************

## ORDER APPOINTING RECEIVER

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1. Pursuant to the provisions of 15 U.S.C. §687c, this Court takes exclusive jurisdiction of Audubon Capital SBIC, L.P. ("Audubon") and all of its assets and property, of whatever kind and wherever located, and the United States Small Business Administration ("SBA") is hereby appointed Receiver ("the Receiver") of Audubon to serve without bond until further order of this Court. The Receiver is appointed for the purpose of marshaling and liquidating in an orderly manner all of Audubon's assets and satisfying the claims of creditors thereof in the order of priority as determined by this Court.

2. The Receiver shall have all powers, authorities, rights and privileges heretofore possessed by the general partner, managers, officers, directors, investment advisors and other agents of Audubon under applicable state and federal law, the Certificate of Limited Partnership and Agreement of Limited Partnership of said limited partnership, in addition to all powers and authority of a receiver at equity, and all powers and authority conferred upon the Receiver by the provisions of 15 U.S.C. § 687c and 28 U.S.C. § 754. The general partner, managers, officers, directors, investment advisors and agents of Audubon are hereby dismissed. Such persons shall

1

have no authority with respect to Audubon's operations or assets, except to the extent as may hereafter be expressly granted by the Receiver. The Receiver shall assume and control the operation of Audubon and shall pursue and preserve all of its claims.

3. The past and/or present general partners, managers, officers, directors, investment advisors, agents, trustees, attorneys, accountants, and employees of Audubon, as well as all those acting in their place, are hereby ordered and directed to turn over to the Receiver forthwith all books, records, documents, accounts and all other instruments and papers of and relating to Audubon and its assets and all other assets and property of the corporation, whether real or personal. The former General Partner and/or other agent of Audubon, shall furnish a written statement within ten (10) days after the entry of this Order, listing the identity, location and estimated value of all assets of Audubon as well as the names, addresses and amounts of claims of all known creditors of Audubon. Within thirty (30) days following the entry of this Order, such person shall also furnish a written report describing all assets. All persons having control, custody or possession of any assets or property of Audubon are hereby directed to turn such assets and property over to the Receiver.

4. The Receiver shall promptly give notice of its appointment to all known partners, officers, directors, agents, employees, shareholders, creditors and debtors of Audubon, as the Receiver deems necessary or advisable to effectuate the operation of the receivership. All persons and entities owing any obligation or debt to Audubon, until further ordered by this Court, pay all such obligations in accordance with the terms thereof to the Receiver and its receipt for such payments shall have the same force and effect as if Audubon had received such payments.

5.  The Receiver is hereby authorized to open such Receiver's accounts at banking or other financial institutions to extend credit on behalf of Audubon, to utilize SBA personnel, and to employ such other personnel as it may deem necessary to effectuate the operation of the receivership including, but not limited to, attorneys, accountants, and appraisers, and is further authorized to expend receivership funds to compensate such personnel in such amounts and upon such terms as the Receiver shall deem reasonable in light of the usual fees and billing practices and procedures of such personnel. The Receiver is not required to obtain Court approval prior to the disbursement of receivership funds for payments to personnel employed by the Receiver or for expenses that the Receiver deems advantageous to the orderly administration and operation of the receivership. In addition, the Receiver is authorized to reimburse the SBA for travel expenses incurred by SBA personnel in the establishment and administration of the receivership. The Receiver may, without further order of this Court, transfer, compromise, or otherwise dispose of any asset (including without limitation any claim), other than real estate.

6.  Audubon's past and/or present partners, officers, directors, agents, accountants, managers, shareholders, employees, debtors and creditors of Audubon and other appropriate persons (including without limitation, the defendant's portfolio of small business concerns and financial institutions doing business with defendant and/or defendant's portfolio of small business concerns) shall, upon reasonable notice, answer under oath to the Receiver all questions which the Receiver may put to them in compliance with the Federal Rules of Civil Procedure, and pursuant thereto shall produce any documents as required by the Receiver regarding the business of said corporation, or any other matter relevant to the operation or administration of the receivership or the collection of funds due to Audubon. In the event that the Receiver deems it necessary to require the appearance of the aforementioned persons, the production of documents,

information, or any other discovery concerning the assets, property or business operations of Audubon, or any other matter relevant to the operation or administration of the Receivership or the collection of funds due to Audubon, the Receiver shall make its discovery request(s) in compliance with the notice, subpoena and other Federal Rules of Civil Procedure.

7. The parties, or any prospective parties, to any and all civil legal proceedings of any nature, excluding the instant proceeding, but including without limitation bankruptcy proceedings, arbitration proceedings, foreclosure proceedings or actions, default proceedings, or other actions of any nature involving Audubon or any assets of Audubon, including subsidiaries, partnerships and other business combinations of Audubon, wherever located, or involving Audubon, the Receiver, or any of Audubon's past or present officers, directors, managers, agents, limited partners or general partner (including the general partner and the members of Audubon's general partner) sued for, or in connection with, any action taken by them while acting in such capacity of any nature, whether as plaintiff, defendant, third-party plaintiff, third-party defendant, or otherwise, are enjoined from commencing or continuing any such proceeding, or from taking any action, in connection with any such proceeding or any such asset.

8. All civil legal proceedings of any nature, excluding the instant proceeding, but including without limitation bankruptcy proceedings, arbitration proceedings, foreclosure proceedings or actions, default proceedings, or other actions of any nature involving Audubon or any assets of Audubon, including subsidiaries, partnerships and other business combinations of Audubon, wherever located, and excluding the instant proceeding, or involving Audubon, the Receiver, or any of Audubon's past or present officers, directors, managers, agents, or limited partners or general partner (including the general partner of Audubon and the members of Audubon's general partner) sued for, or in connection with, any action taken by them while

acting in such capacity of any nature, whether as plaintiff, defendant, third-party plaintiff, third-party defendant, or otherwise, are stayed in their entirety, and all Courts, agencies, arbitrations or other body having any jurisdiction thereof are enjoined from taking or permitting any action until further Order of this Court.

9. As to a cause of action accrued or accruing in favor of Audubon against a third person or party, any applicable statute of limitations is tolled during the period in which this injunction against the commencement of legal proceedings is in effect.

10. Audubon and its past and/or present managers, general partner or limited partners, officers, directors, agents, investment advisors, employees and other persons acting in concert or participating therewith be, and they hereby are, enjoined from either directly or indirectly taking any actions or causing any such action to be taken which would dissipate the assets and/or property of Audubon to the detriment of the Receiver appointed in this cause, including but not limited to destruction of corporate records, or which would violate the Small Business Investment Act of 1958, as amended, 15 U.S.C. § 661 et. seq., or the regulations promulgated thereunder ("Regulations"), 13 C.F.R. Part 107.

11. The Receiver is authorized to borrow on behalf of Audubon, from the SBA, up to $1,000,000, and is authorized to cause Audubon to issue Receiver's Certificates of Indebtedness in the principal amounts of the sums borrowed, which certificates will bear interest at or about 10 percent per annum and will have a maturity date no later than 18 months after the date of issue. Said Receiver's Certificates of Indebtedness shall have priority over all other debts and obligations of Audubon, excluding administrative expenses of the Receivership, whether presently existing or hereinafter incurred, including without limitation any claims of partners of Audubon.

12. This Court determines and adjudicates that Audubon has violated 13 C.F.R. §107.740, 13 C.F.R. § 107.1810 and 13 C.F.R. § 107.1830 of the Regulations as alleged in the Complaint filed in this matter. After completing its activities in accordance with this Order, the Receiver may recommend that Audubon's license as an SBIC be revoked.

13. Judgment is hereby entered in favor of SBA and against Audubon in the amount of $14,492,033.53 as of March 31, 2013 consisting of $14,492,033.53 in principal, interest paid to date and a per diem rate of $2,2,31.86 through the date of judgment, less any payments received by SBA, plus post judgment interest pursuant to 28 U.S.C. § 1961 as of the date judgment is entered.

This __26th__ day of __AUGUST__ 201_3_.

_____
UNITED STATES DISTRICT COURT JUDGE